IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERICA JEANNE DELGREGO,

    Plaintiff,

vs.                                              Case No. 4:11cv180-RH/WCS

WILLIAM TAYLOR, et al.,

    Defendants.

    _____/


**REPORT AND RECOMMENDATION**

Plaintiff, a federal prisoner proceeding *pro se*, filed a notice of voluntary dismissal on September 21, 2011.  Doc. 17.  Plaintiff stated that she did not "want to risk a failure to comply with court orders and failure to prosecute."  *Id.*  Plaintiff's notice of voluntary dismissal was accepted and the case dismissed pursuant to Rule 41(a)(1) on September 26, 2011.  Doc. 18.

On November 8, 2011, Plaintiff has now filed a letter stating she has "reconsidered" her decision to voluntarily dismiss this case.  Doc. 20.  Plaintiff simultaneously provided a second amended complaint.  Doc. 21.

Rule 60(b) provides that a party may be relieved of a final judgment or order for any of six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). None of the five specific reasons are applicable, and it is questionable whether the sixth reason, "any other reason that justifies relief" fits Plaintiff's situation. Plaintiff states only that she has reconsidered her decision to dismiss her case. Doc. 20.

If Plaintiff simply needed more time to submit an amended complaint, she could have done so. Indeed, Plaintiff had previously been granted an extension of time in which to submit a second amended complaint. Docs. 13, 14. The motion should be denied and this case remain closed.

Furthermore, having reviewed Plaintiff's proposed second amended complaint, doc. 21, it remains deficient. Plaintiff does not allege any dates or times for the events at issue. Moreover, the events at issue are not stated with clear factual allegations. Plaintiff simply makes broad conclusory allegations that each of the six named Defendants were aware of an "area" being condemned, yet allowing inmates to work in that area. Plaintiff does not explain or state facts showing how each Defendant had that knowledge, nor does Plaintiff state that she was harmed in any way or grieved the issue or provide any facts which clearly show that her constitutional rights have been violated.

Because the second amended complaint is also insufficient, relief should be denied on Plaintiff's motion to reinstate her case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Rule 60 motion to be relieved from the order granting her voluntary dismissal, doc. 20, be **DENIED** and this case remain **DISMISSED** pursuant to Plaintiff's previous Rule 41 notice of voluntary dismissal.

**IN CHAMBERS** at Tallahassee, Florida, on November 14, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**