IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


ERICA JEANNE DELGREGO,

    Plaintiff,

v.                                            CASE NO. 4:11cv180-RH/WCS

WILLIAM TAYLOR et al.,

    Defendants.

_____/


## ORDER DENYING THE RULE 60(b) MOTION

The plaintiff Erica Delgrego asserts that while she was an inmate at the Federal Correctional Institution–Tallahassee she was required to work in an area contaminated by toxic black mold. Ms. Delgrego sued various correctional officers, apparently asserting a claim only under the Occupational Safety and Health Act. After filing an amended complaint, Ms. Delgrego filed a notice of voluntary dismissal, ECF No. 17, ending the case. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

More than a month later, Ms. Delgrego moved to reopen the case and tendered a second amended complaint. ECF Nos. 20, 21. The magistrate judge

entered a report and recommendation that applied the standards of Federal Rule of Civil Procedure 60(b) and concluded that the motion to reopen should be denied.

The case is now before the court on the report and recommendation, ECF No. 22, and the objections, ECF No. 24.  I have reviewed *de novo* the issues raised by the objections.  I accept the recommendation, with these additional notes.

First, I assume that after a voluntary dismissal, a case could be reopened under Rule 60(b).  By its terms, the rule allows relief from a "final judgment, order, or proceeding."  The Eleventh Circuit has applied Rule 60(b) to a motion to vacate a notice of voluntary dismissal, albeit with no discussion of this issue.  *See Olmstead v. Humana, Inc.*, 154 F. App'x 800 (11th Cir. 2005) (per curiam); *see also Tundell v. Merck & Co.*, No. 3:06cv375/MCR/MD, 2008 WL 2385508, at *2 (N.D. Fla. June 9, 2008).  A number of other courts also have considered Rule 60(b) motions to vacate notices or stipulations of dismissal.  *See, e.g.*, *Nelson v. Napolitano*, 657 F.3d 586, 588-89 (7th Cir. 2011) ("We agree that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action."); *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542-43 (6th Cir. 2001); *Kalt v. Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995);  *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989); *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987).

The availability of Rule 60(b) relief in this situation does not help Ms. Delgrego, however, because she has not met the requirements for Rule 60(b) relief, as the report and recommendation correctly concludes.

The task of managing the district's substantial volume of prisoner cases is difficult enough without allowing a prisoner to abandon and then reinstate a claim for no reason other than a change of mind.  A prisoner in this situation can file a new lawsuit, if indeed there is a basis for doing so.

Further, it is not at all clear that Ms. Delgrego would be able to state an OSHA claim on which relief could be granted, even if the case were reopened. *See, e.g.*, *Evans v. Turner*, 59 F.3d 1242, *1 (5th Cir. 1995) (unpublished) (rejecting a state prisoner's §1983 claim for failing to provide portable toilets and hand-washing facilities: "There is nothing in the OSHA itself or its regulations to support the claim that it is applicable to state prison farms.  Even if it were, we have held that OSHA does not give rise to a private cause of action." (citing *Jeter v. St. Regis Paper Co.*, 507 F.2d 973 (5th Cir. 1975)).  Moreover, Ms. Delgrego would be able to state a claim for injunctive relief only if she was still required to work around the mold.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983) (holding that a person who had been subjected to a choke hold in the past had no standing to seek injunctive relief against the city's practice of using choke holds because there was not a "sufficient likelihood that he will again be wronged

in a similar way"); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999).  And Ms. Delgrego apparently would be able to recover damages only if she suffered a qualifying physical injury, not if she was only exposed to conditions that *could* cause such an injury.  *See* 42 U.S.C. § 1997e(e) (prohibiting a prisoner from recovering damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury").  These are all factors that further support the conclusion—fully appropriate on other grounds—that Ms. Delgrego has not shown a "reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

Still, had Ms. Delgrego not voluntarily dismissed her claims, it might well be appropriate to construe her submissions as asserting a claim on which relief could be granted under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990) (holding that a prisoner who alleged exposure to asbestos in the dormitory adequately stated an Eighth Amendment claim under *Bivens*).  The decision to grant relief from the voluntary dismissal thus is not a ruling on the merits of Ms. Delgrego's claim.

IT IS ORDERED:

The report and recommendation is ACCEPTED.  The defendant's motion to

reopen the case, ECF No. 20, is DENIED.

SO ORDERED on April 18, 2012.

                                        <u>s/Robert L. Hinkle</u>
                                        United States District Judge